PROB 12B
(7/93)

# United States District Court

for

## *District of Guam*

### Report for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender    **John S. Martinez**                          Case **CR 00-00128-001**

Name of Sentencing Judicial Officer:    William Alsup, Designated Judge

Date of Original Sentence:    October 27, 2005

Original Offense:    False Statements, in violation of 18 U.S.C. § 1001.

Original Sentence:    Two years probation with conditions that the defendant: give at least one speech to a total audience of at least 200 people during the first year of probation; not incur any new credit charges or open additional lines of credit without the U.S. Probation Office's approval unless he is in compliance with the payment schedule; provide the U.S. Probation Office access to all financial information; perform 200 hours of community service with credit for speeches conducted; pay a $4,000 fine and a $100 special assessment fee. It was also ordered that the defendant shall not unlawfully possess a controlled substance, submit to one drug test within 15 days of placement on probation and at least two thereafter. The testing condition above, was suspended however, based on the Court's determination that the defendant poses a low risk of future substance abuse.

Type of Supervision:    Probation                 Date Supervision    October 27, 2005

### PETITIONING THE COURT

☐    To extend the term of supervision for                 years, for a                 years.

☒    To modify the conditions of supervision as follows:

1.    The defendant's 200 hour community service order shall be converted to a public service project satisfied through his construction business. The minimum value of this project shall be $1030, which is equivalent to the number of community service hours (200) multiplied by the federal minimum wage ($5.15).

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender
Re: MARTINEZ, John S.
USDC Cr. Cs. No. 00-00128-001

On August 7, 2006, John S. Martinez submitted a letter to the U.S. Probation Office from his doctor confirming that he was under treatment for symptoms and illnesses that rendered him unable to perform the physical activities required to perform community service. Based on this information, this Officer met with Mr. Martinez to discuss alternatives to satisfying the community service order. Out of this discussion, Mr. Martinez agreed to the following modification of probation conditions, pursuant to 18 U.S.C. § 3565:

> "The defendant's 200 hour community service order shall be converted to a public service project satisfied through his construction business. The minimum value of this project shall be $1030, which is equivalent to the number of community service hours (200) multiplied by the federal minimum wage ($5.15)."

Mr. Martinez was instructed to submit his proposed public service project and to identify the beneficiary community organization or government agency. He was advised not to begin any work towards any such project as it is subject to Court approval.

On November 2, 2006, Mr. Martinez reported to the U.S. Probation Office and stated that he had met with Catholic Social Service (CSS) Administrators to explore what type of help he could provide them. He reported that CSS Administrators were elated at the opportunity for his help and asked specifically that he repair some leaks to the roof of the their main facility in Barrigada. This Officer instructed Mr. Martinez to prepare a detailed proposal of work, inclusive of an itemized cost of the project which will be subject to Court approval.

On January 8, 2007, and prior to receiving the detailed work proposal outlined above, Mr. Martinez reported to the probation office to inform that he completed the roof repairs at CSS in late November 2006. According to Mr. Martinez, he completed the job because CSS Administrators expressed their dire need to have the repairs done in order to prevent further water damage to the building, and that they had no funds for such repairs. Mr. Martinez stated that he agreed to initiate the project without Court approval because of the expressed need by CSS. He asked that his efforts still be considered, but acknowledged his premature actions may be disapproved by the Court.

On January 12, 2007, Mr. Martinez submitted a detailed work and cost summary for the roof repairs he completed at CSS. Photos of the repairs were also submitted. The report revealed that Mr. Martinez made repairs to air conditioning ducts and to an access roof hatch. The work and cost summary was reported as follows:

| **Repair Item** | **Work Hours** | **Hourly Cost** | **Cost of Materials** | **Subtotal** |
|---|---|---|---|---|
| Air Conditioning Ducts | 21 | $18.75 | $240.00 | $633.75 |
| Roof Hatch | 7 | $18.75 | $130.00 | $261.25 |
| Company Costs | | | | |
| | Overhead (10%): | | | $89.50 |
| | Profit (15%): | | | $134.25 |
| | Gross Receipt Tax (4%): | | | $44.75 |
| | | | **PROJECT TOTAL:** | **$1,163.50** |

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender
Re: MARTINEZ, John S.
USDC Cr. Cs. No. 00-00128-001

On January 16, 2007, this Officer visually inspected and verified the reported repairs with CSS. According to CSS Client Support Division Administrator, John Chargualaf, the completed repairs to the roof were much needed as water leaks had been causing damage to a Senior group counseling room, an adjacent electrical access room, and a food storage area. A visual inspection of the repairs on the roof by this Officer revealed that a rubberized coating was applied around an access roof hatch, a ventilation hood, and air conditioning ducts. Mr. Chargualaf expressed the gratitude of his agency for the repairs and that their budget for such repair is limited. Photos of the repairs were taken and are available for the Court's review.

Mr. Martinez paid the $4,000 fine on December 9, 2005, and the $100 special assessment fee on November 9, 2005. He also satisfied the condition to deliver the "I Am a Convicted Felon" speech to at least 200 people. Specifically, Mr. Martinez spoke before 43 members of the Rotary Club of Northern Guam on November 30, 2005, and 52 members of the Rotary Club of Tumon Bay on January 17, 2006. In addition he spoke before 119 University of Guam students and members of the general public on September 20, 2006 and October 7, 2006. He has submitted all required monthly supervision reports, and has been forthcoming with all requests made of him by the probation office.

Given the foregoing information, this Officer respectfully requests that the Court modify conditions of probation as requested above, pursuant to 18 U.S.C. §3565. Further, this Officer supports Mr. Martinez' request that the Court consider the roof repairs he performed at the Catholic Social Services facilities in Barrigada as satisfactory completion of the proposed modification.

Reviewed by:                                          Respectfully submitted,

/s/ ROSSANNA VILLAGOMEZ-AGUON          by:   /s/ ROBERT I. CARREON
U.S. Probation Officer                               U.S. Probation Officer
Supervision Unit Leader

Date: _____April 5, 2007_____          Date: _____April 5, 2007_____

## THE COURT ORDERS

☐  No Action

☐  The Extension of Supervision as Noted Above.

☒  The Modification of Conditions as Noted Above.

☐  Other          Issuance of a:   ☐  Summons          ☐  Warrant

**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Apr 10, 2007**